IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BENJAMIN FRANKLIN SCOTT,**

   Petitioner,

v.            Civil Action No. 1:06cv163
             Criminal Action No. 1:02cr27(1)
             (Judge Keeley)

**UNITED STATES OF AMERICA,**

   Respondent.

## ORDER FOLLOWING HEARING AND SETTING BRIEFING SCHEDULE

The pro se petitioner, Benjamin Franklin Scott ("Scott"), initiated this case on November 8, 2006, by filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In the petition, Scott raises 43 grounds of ineffective assistance of trial counsel, nine grounds of prosecutorial misconduct, and one ground which requests the correction of his sentence. Pursuant to LR PL P § 82.15, and Standing Order No. 5, the case was referred to United States Magistrate Judge John S. Kaull for preliminary review.

On November 15, 2006, Magistrate Judge Kaull conducted a preliminary review of the petition and determined that summary dismissal was not appropriate at that time. Therefore, the respondent was directed to file an answer to Scott's motion.

On December 4, 2006, the United States filed its response in which it asserted that only an evidentiary hearing could resolve

the factual issues raised in the petition. Thus, the government requested that the Court set a date and time for the taking of evidence and that the United States be granted a further chance to respond to the petition once the factual issues were more fully developed. On December 22, 2006, the petitioner filed his reply.

On December 28, 2006, Magistrate Judge Kaull issued a Report and Recommendation that recommended granting the government's request for a hearing and appointing counsel to represent the petitioner at such hearing. On July 27, 2007, the Court affirmed the Report and Recommendation of the Magistrate Judge, appointed counsel for Scott, and scheduled a fact-finding hearing for August 24, 2007.

After granting each party a separate motion to continue, the Court held a fact-finding hearing on November 1, 2007. Present at the hearing were the petitioner and his appointed counsel, Deanna Pennington, Assistant United States Attorney Robert McWilliams, and the Federal Public Defender, Brian Kornbrath, Scott's trial counsel.

After taking testimony from the petitioner and Mr. Kornbrath, the Court found that Scott had either abandoned or withdrawn the following grounds of ineffective assistance of counsel:

- Ground 24 - failing to object to hearsay testimony given by Todd Turner.

- Ground 31 - failing to effectively cross-examine the government's witness, William Cannon.

- Ground 36 - failing to object when the government repeatedly referred to the vehicle as the defendant's.

- Ground 39 - failing to object to the presentence report.

Additionally, for the reasons stated on the record, the Court **DENIED** the following grounds of ineffective assistance of counsel and foreclosed further briefing on these issues:

- Ground 4 - counsel stated during closing arguments that the jury should find the petitioner guilty as charged.

- Ground 5B - as it relates to the petitioner's claim that counsel was ineffective with regard to the intent instruction.

- Ground 7 - failing to advise the petitioner about a possible defense of temporary insanity.

- Ground 10 - counsel's opening statement was irrelevant and made no sense.

- Ground 12 - failing to use affirmative defenses of heat of passion, temporary insanity, duress, lack of capacity, quality of act, necessity, extreme emotional disturbance, or justification.

- Ground 16A - to extent petitioner argues that his unmirandized statement could not be used under any circumstances.

- Ground 19 - failing to object to jury instruction on constructive possession which stated a burden of proof lower than beyond a reasonable doubt.

- Ground 20 - failing to object when government asked court to take judicial notice of fact that indictment was returned unsealed.

- Ground 22 - failing to object to indictment on grounds of vindictiveness to extent petitioner's argument is based on fact that he was prosecuted and Derrick Henderson and Todd Turner were not.

- Ground 27 - failing to object to alleged perjurious testimony of Derrick Henderson.

- Ground 29 - advising petitioner to only speak in courtroom when either counsel or court told him to unless petitioner can provide further facts to support this claim.

- Ground 30 - to extent petitioner argues he was not advised on possibility of upward departure this issue is moot as no upward departure was granted.

- Ground 32 - failing to effectively question Officer Webber.

- Ground 37 - failing to object during the government's closing argument to statements that petitioner was not worthy of much belief because of past criminal record and to statements about the petitioner being a fugitive.

With respect to Scott's nine grounds of prosecutorial misconduct, the Court determined that those issues were intertwined with each other, and with Scott's remaining claims of ineffective assistance of counsel, and therefore, should be briefed further. However, the Court denied as an untimely Rule 35 motion, Scott's request to have his sentence corrected.

**ORDER FOLLOWING HEARING AND SETTING BRIEFING SCHEDULE**

In light of the findings made at the fact-finding hearing, 27 grounds of ineffective of assistance of counsel remain.[1] In addition, all nine grounds of prosecutorial misconduct remain. With regard to the remaining grounds, the Court set the following briefing schedule:

- The Court Reporter shall have the fact-finding hearing transcribed within **ninety (90) days**;

- The petitioner shall file a brief in support of his § 2255 motion within **thirty (30) days** from the date the transcripts are filed;

- The government shall file a reply brief within **fifteen (15) days** of that date; and

- The petitioner shall file his reply **seven (7) days** thereafter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Scheduling Order to counsel of record.

DATED: November 5, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Those grounds are: 1, 2, 3, 5A (related to trial preparation), 6, 8, 9, 11, 13, 14, 15, 16B (related to strategy), 17, 18, 21, 23, 25, 26, 28, 33, 34, 35, 38, 40, 41, 42, 43. The Court noted, however, some skepticism as to the viability of some of those, but left further pursuit of those claims to the discretion of Scott and his counsel.